MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
MEGAN E. GRUBER (State Bar No. 246122)
meg@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant NATIONSTAR
MORTGAGE LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

| | |
|---|---|
| EDGAR GARDNER, III, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC; RSM&A FORECLOSURE SERVICES, LLC; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-01583-TLN-CKD<br><br>**NATIONSTAR MORTGAGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:   August 28, 2014<br>Time:   2:00 p.m.<br>Crtrm.: 2, 15th Floor<br>Judge:  Hon. Troy L. Nunley<br><br>Action Filed:   May 28, 2014 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **August 28, 2014** at **2:00 p.m.**, or as soon thereafter as the matter may be heard in Courtroom 2, 15th Floor of the above-entitled Court, located at 501 "I" Street, Sacramento, CA 95814, defendant Nationstar Mortgage LLC ("Nationstar") will and hereby does move for an order dismissing plaintiff Edgar L. Gardner's complaint for failure to state a claim upon which relief may be granted.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based on ground that plaintiff's complaint and each of its purported causes of action fail to state any claim upon which relief can be granted against Nationstar. This motion is based on this notice of motion and motion, the memorandum of points and authorities that follows, the accompanying request for judicial notice, the complaint and all other pleadings and records on file in this action, and upon such other argument as may be adduced at the hearing on this motion.

DATED: July 10, 2014

SEVERSON & WERSON
A Professional Corporation

By: _/s/Megan E. Gruber_
Megan E. Gruber

Attorneys for Defendant NATIONSTAR MORTGAGE LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Edgar Gardner is a refiling plaintiff who previously filed suit against defendant Nationstar Mortgage, LLC ("Nationstar") in 2012, alleging claims related to the terms of his adjustable rate mortgage. Because that suit was based on a misinterpretation of the law and of the deed of trust at issue, judgment was entered by this Court in favor of Nationstar in June of 2013.[1]

Now, one year later, plaintiff has decided to sue again. Relying on many facts already adjudicated previously on the merits, plaintiff now claims that in addition to those facts, he was not properly reviewed for a loan modification in violation of the Homeowner Bill of Rights ("HBOR"), which was enacted on January 1, 2013.

Plaintiff's complaint ignores the plain fact that he was already in default at the time of the previous lawsuit, and that default occurred prior to the implementation of HBOR. He has never cured that default, nor has he claimed to have done so. Because the default was never cured, that notice remains effective and Nationstar was not required to review plaintiff for a modification under the statute.

Plaintiff's lawsuit is simply a re-branding of his previous failed lawsuit – another bite at the apple, so to speak, using slightly tweaked facts - and the publicly recorded documents show that HBOR did not apply at the time the notice of default was recorded. This motion to dismiss should be granted, and leave to amend the complaint denied.

## II. STANDARD ON MOTION TO DISMISS

Under the Federal Rules of Civil Procedure, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must be drafted in a "simple, concise and direct" manner, in numbered paragraphs, each limited, as far as practicable, to a statement of a single set

---

[1] See *Gardner v. RSM&A Foreclosure Services, LLC et. al.*, Eastern District of California Case No. 2:12-cv-02666-JAM-JFM, judgment entered June 25, 2013.

of circumstances.[2]

A plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to "nudge the [ ] claims across the line from conceivable to plausible." *Id.* at 1974. Thus, "[a] district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.' "[3]

The complaint is properly dismissed under Rule 12(b)(6) if it lacks a cognizable legal theory or if it fails to plead facts essential to recovery under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In deciding a motion to dismiss, the Court should first discard conclusory allegations[4] and then determine whether the well-pleaded facts support an inference support the causes of action. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'"[5]

---

[2] Fed. R. Civ. P. 8(a), 10(b); *see Hassel v. Simmons*, 2003 WL 22416698, at *1-2 (N.D. Cal. 2003) (a complaint "so convoluted and difficult to read that it is impossible to determine whether the plaintiff may have meritorious claims" should be dismissed); *Morgan v. Mason*, 1999 WL 500997, at *1 (D. Idaho 1999) (a complaint that is "verbose, convoluted and extremely difficult to comprehend" should be dismissed).

[3] *Williams ex rel. Tabiu v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974); *see also See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (violation of Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)"); *Nevijel. v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981); *Hatch v. Reliance Insurance Co.*, 758 F.2d 409, 415 (9th Cir. 1985); *Hassel v. Simmons*, 2003 WL 22416698, at *1-2 (N.D. Cal. Oct. 20, 2003) (a complaint "so convoluted and difficult to read that it is impossible to determine whether the plaintiff may have meritorious claims" should be dismissed); *Morgan v. Mason*, 1999 WL 500997, at *1 (D. Idaho June 1, 1999) (a complaint that is "verbose, convoluted and extremely difficult to comprehend" should be dismissed).

[4] *See also Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005) (Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss.); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (same).

[5] *Williams ex rel. Tabiu v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting (footnote continued)

## III. STATEMENT OF FACTS

### *The Prior Lawsuit*

Plaintiff previously filed suit against Nationstar in 2012 in Sacramento County, California. The suit alleged improprieties with the adjustable rate nature of the mortgage (plaintiff claimed his payments increased by too much when the rate adjusted) and with the foreclosure. On October 26, 2012, the case was removed from Superior Court into the Eastern District of California as case no. 2:12-cv-02666-JAM-JFM. After two fully briefed rounds of motions to dismiss (with the amended complaint filed on April 4, 2013), the case was adjudicated in Nationstar's favor on June 25, 2013.

### *Loan History and Foreclosure*

As discussed in the adjudicated lawsuit, plaintiff refinanced his home, located at 6650 18th Avenue, Sacramento, California with an option adjustable rate mortgage loan on March 8, 2007, and in the amount of $303,000. See Exhibit A to Complaint.

In 2011, plaintiff defaulted on his loan after the monthly payments were increased. See Request for Judicial Notice, Ex. 1. Over a year later, co-defendant RSM&A Foreclosure Services recorded a Notice of Trustee's Sale in the Official Records of Sacramento County, setting a sale date for October 10, 2012. See RJN, Ex. 2. After the lawsuit was adjudicated in Nationstar's favor in 2013, a second Notice of Trustee's Sale was recorded by RSM&A on behalf of Nationstar. See RJN, Ex. 3. Plaintiff alleges that this Notice of Trustee's Sale is defective because it contains a date near the bottom showing that the document was originally created in 2012. See, e.g., Compl. ¶ 100.

To date, no sale has taken place, plaintiff has not cured his default, and he remains on the subject property. He claims that he sent two loan modification packages to Nationstar through a third party modification service, but that no acknowledgement was ever received from Nationstar

---

*Twombly*, 127 S. Ct. at 1974); s*ee also McHenry v. Renne*, 84 F.3d 1172, 1178-1180 (9th Cir. 1996) (violation of Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)"); *Nevijel. v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-674 (9th Cir. 1981); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985).

and he was not actually reviewed for a modification. Compl. ¶¶ 31-34. He does not allege whether or not he contacted Nationstar regarding the package and whether it was actually received by Nationstar.

On these grounds, plaintiff has brought suit again.

## IV. PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL

Plaintiff's claims are barred by collateral estoppel and must therefore be dismissed. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." (*San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323, 336 (2005) (citing *Allen v. McCurry*, 449 U.S. 90 (1980); *Bernhard v. Bank of America, N.T. & S.A.*, 19 Cal.2d 807, 813 (1942).) "The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." (*Syufy Enterprises v. City of Oakland*, 104 Cal.App.4th 869, 878 (2002).)

"California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also ***claims that could have been litigated***." (*Pey v. Wachovia Mortg. Corp.*, 11-2922 SC, 2011 WL 5573894, * 8 (N.D. Cal. Nov. 15, 2011) (*Res judicata* also bars "any subsequent suit on claims that ... ***could have been raised*** in a prior action.") (citing *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)) (emphasis added); *People v. Stark* (2005) 131 Cal.App.4th 184, 200-01 (collateral estoppel "prevents persons and their privies from relitigating in a subsequent proceeding claims that were ***or should have been adjudicated*** in a prior proceeding.) (emphasis added); see also *In re Wolfberg* (B.A.P. 9th Cir. 2000) 255 B.R. 879, 882 *aff'd,* (9th Cir. 2002) 37 Fed.Appx. 891, quoting *Heritage Hotel Partnership I,* 160 B.R. at 377 ("Res judicata bars not only claims that were asserted in the earlier action, but also claims that 'could or should have been raised during the pendency of the case.'").)

If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter *res judicata* precludes re-litigating those claims. (*Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir.1993).) Pursuing new legal theories does not create a new cause of action sufficient to avoid *res judicata*. (*Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir.2000), cert. den. 531 U.S. 904.)

Here, plaintiff's claims are barred by *res judicata*.

### 1. The First Element Of Collateral Estoppel – Identity Of Issues – Has Been Met

In determining whether issue preclusion bars another action or proceeding, California courts examine whether the two actions concern a single cause of action under the primary rights doctrine. (*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002); *Manufactured Home Cmtys. v. City of San Jose,* 420 F.3d 1022, 1031 (9th Cir.2005).) "All claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." (*Mycogen Corp.,* 28 Cal. 4th at 897.) "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (*Eichman v. Fotomat Corp.,* 147 Cal.App.3d 1170, 1174 (1983) (internal citations omitted); *Manufactured Home Cmtys.,* 420 F.3d at 1032 ("Different theories of recovery are not separate primary rights.").)

Plaintiff's allegations still center around the claim that there was an improper notice of default entered against him in 2012, after his loan payments increased in 2011. (Compl. ¶¶ 14-28.) All of these allegations were raised in his earlier complaint and adjudicated on the merits, or could have been raised in that complaint since they had already occurred at the time the lawsuit was ongoing. *See* Exhibit 1 to Motion to Dismiss (Plaintiff's 2012 Complaint), Exhibit 2 (Court's Order Granting Motion to Dismiss) and Exhibit 3 (Judgment).

Plaintiff's complaints that Nationstar did not review him for a loan modification in 2013 and 2014 also stem from the 2012 default which he claims was improper – a default which is not at issue since all claims related to its propriety are barred by collateral estoppel.

Plaintiff goes on to allege that the Notice of Trustee's Sale recorded in 2014 violates the

HBOR by virtue of an alleged typographical error stating that the date the Notice of Sale was created was in 2012. The recordation date and date of sale are properly dated as 2014, however, and so it is unclear if plaintiff is alleging that anything material was wrong with the document.

This motion to dismiss will further raise the applicable collateral estoppel issues in its argument sections related to each individual cause of action.

### 2. The Second Element Of *Res Judicata* Under Collateral Estoppel And Claim Preclusion – Final Judgment On The Merits – Has Been Met

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues [and claims] that were or could have been raised in that action." (*Castle v. Mortgage Elec. Registration Sys., Inc.*, EDCV 11-00538 VAP, 2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) (citing *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).) "[D]ismissal of an action with prejudice generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court." (*Cortez v. New Century Mortg. Corp.,* 12-3146 JSC, 2012 WL 3249515 (N.D. Cal. Aug. 7, 2012) (citations omitted).)

This Court entered judgment in favor of defendant Nationstar on June 25, 2013. Thus, there was a final judgment on the merits for all issues arising prior to that date in 2013. The second elements of claim and issue preclusion are met.

### 3. The Third Element Of *Res Judicata* Under Collateral Estoppel And Claim Preclusion – Identity Of The Parties – Has Been Met

Plaintiff Edgar Gardner is the named borrower on the loan at issue and was the sole plaintiff in the previously filed matter. Both of the same defendants – RSM&A Foreclosure Services, LLC and Nationstar Mortgage, LLC – were named in the earlier action, and are named here again in the instant action. Thus, the third elements of claim and issue preclusion are met.

Accordingly, all three elements of *res judicata* – both under the theory of claim preclusion and collateral estoppel – are met and plaintiff's Complaint is barred under *res judicata*. On this ground alone, plaintiff's complaint should be dismissed with prejudice.

## V. PLAINTIFF'S CLAIMS ALL OTHERWISE FAIL

### A.   Plaintiff's Claim for Breach of the Implied Covenant Fails

This claim is barred by collateral estoppel. Plaintiff's allegations vaguely claim that Nationstar breached a duty to maintain loan records and disclose foreclosure actions to him. (Compl. ¶ 47.) These claims could have been brought in 2012 or 2013, when his prior action was ongoing. Plaintiff goes on to allege several other facts barred by collateral estoppel: that he sent a HAMP package in June 2012 that was not decided upon (Compl. ¶ 48), that a substitution of trustee document was "backdated" in 2012 (Compl. ¶ 49), and then vaguely alleges again later that the notice of default was improper (Compl. ¶ 54.) To the extent that his cause of action is based on these claims, it must be dismissed.

With regard to his allegations that in late 2013 and early 2014 he sent loan modification packages to Nationstar which were not acknowledged nor decided upon, this cannot be a breach of the implied covenant. He never makes any allegations that the documents were actually received and then ignored (nor that he contacted anyone at Nationstar to see if they had been received, or if they were sent to an incorrect address).

More importantly, "it is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 373.) The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (*Agosta v. Astor* (2004) 120 Cal.App.4th 596, 607; accord: *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 349-50.)

Here, the only enforceable contract is the loan he obtained in 2007. It does not promise plaintiff a review for a loan modification. As such, plaintiff fails to tie his implied covenant cause of action to an enforceable contract. He claims that the failure to review was in breach of California statutory authority. If that is the claim, then that should be his claim – it cannot be tied to an implied covenant claim, which is based in contract and not statute.

Additionally, under California law, the implied covenant does not apply to pre-contract negotiations or discussions. (*McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784, 799;

1  *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031-1035.)
2  Any alleged promise of a modification or "good faith modification review" amounts to pre-
3  contract negotiations and, thus, the implied covenant does not apply.

**B.     Plaintiff's Claim for Intentional Misrepresentation Fails**

To the extent that any claims are made against Nationstar related to the Notice of Default, these claims are estopped and subject to dismissal. Plaintiff has alleged that the Notice of Default from 2012 was wrongly recorded. (Compl. ¶ 67.) To the extent that this relates to his allegations that Nationstar should have reviewed him for a modification under HAMP because the Notice was deficient, such theories are barred as judgment was already entered in the prior matter in 2013. (Compl. ¶ 68.)

Intentional misrepresentation claims sound in fraud and so must be pled with sufficient particularity to satisfy Fed. R. Civ. P. 9(b). *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."

The complaint fails to allege with any particularity any of the elements of an intentional misrepresentation claim. It does not allege Nationstar even made any representation, let alone one that was false. Rather, it apparently seeks to hold Nationstar liable for failing to acknowledge their loan modification packet or state that it was received. He provides no facts nor makes any allegation that the modification was actually received and that Nationstar intentionally disregarded it, or disregarded it while telling him that it had been received. This same vague and indefinite pleading infects each element of plaintiff's attempted intentional misrepresentation claim.

Second, plaintiff does not plead why there were no reasonable grounds for Nationstar to believe that misrepresentation (whatever it was) to be true. To state a cause of action for intentional misrepresentation, plaintiff would need to plead facts showing the alleged wrongdoer knew a representation was false and made the representation anyway. Plaintiff pleads no facts that

1 would support this element.

2    Third, plaintiff does not plead that Nationstar or anyone else intended to induce plaintiff to do anything. Indeed, foreclosure was proceeding and Nationstar did not acknowledge the modification package. Plaintiff does not explain, or even generally allude to, what he was induced to do.

6    Fourth, plaintiff does not plead that he in anyway believed or relied upon that "representation." Plaintiff does not plead any facts showing he changed his actions in reliance on the "representation." If plaintiff did not rely on the misrepresentation, there is no cause of action.

9    Fifth, plaintiff does not plead that he suffered any damage as a result of the misrepresentation. He claims a million dollars in damages because he submitted loan modification applications that were not acknowledged, but does not allege where that million dollar figure stems from.

13    Finally, his allegation that Nationstar's failure to review him was a violation of Civil Code § 2924.10(a) holds no water. His only allegations are that he sent in applications which were not acknowledged and not decided upon. He has alleged no facts indicating that this was an "intentional misrepresentation" and not, say, a failure of Nationstar to receive the documents that were sent.

18    Because collateral estoppel bars this claim and because the plaintiff fails to allege any facts which could give rise to a claim for intentional misrepresentation, this cause of action should be dismissed.

**C.   Plaintiff's Claims for Unfair and Deceptive Business Act Practices ("UDAP") and for Violation of the California Unfair Competition Law ("UCL") Fail**

The UDAP does not provide for a private right of action. See *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission."); *Flood v. Nat'l Football League,* 2009 WL 86577, at *2 (E.D. Cal. 2009); *Izenberg v. ETS Servs., LLC,* 589 F.Supp.2d 1193, 1201 n. 20 (C.D. Cal. 2008) ("the FTC Act does not provide a private right of action"). On this basis, plaintiff's fourth cause of action for Unfair and Deceptive Business Act

Practices must be dismissed.

Regardless, any claims under either UDAP or for violation of Cal. Bus. & Prof. Code § 17200 ("UCL") in the fifth cause of action fail. First, as with his other claims, he is collaterally estopped from bringing them. His vague allegations are unclear as to which claims relate back to the notice of default recorded in 2012, but paragraphs 78 through 82 appear to harken back to claims that could have been made in his earlier lawsuit. His allegations that defendants were "obligated" to review him for a modification failed then and fail now – the Homeowner Bill of Rights was not enacted at the time the notice of default was recorded.

Plaintiff also fails to allege any economic injury, which he seems to admit in paragraph 77 when he alleges that economic injury is an essential part of the claim, but then he fails to articulate how he was economically injured. Indeed, the subject property has not been foreclosed upon, and he has been in default for *years* now – since prior to the first lawsuit. His claim that Nationstar has "profited" on his default makes no sense given that he has failed to pay on his loan for years.

Even his claim that the Notice of Trustee's Sale has a typo with an incorrect date (Compl. ¶ 100) does not show any sort of economic injury or prejudice – given the prior lawsuit, he was obviously already aware that he was in default, and that the default had never been cured. Without curing a default, the home inevitably will be foreclosed upon. Further, he fails to allege how that date on the Notice of Sale affected the notice in any way. In addition to these fatal flaws, plaintiff's UCL claim fails for numerous other reasons as well:

### 1. Plaintiff has not identified unlawful conduct

Courts have made clear that the UCL cannot be used as an end-run around the requirements of other statutes. See *Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law). Likewise, as a UCL claim requires an underlying violation of law, a defense to the predicate claim is a defense to the alleged violation of the UCL. See *Krantz v. BT Visual Images, L.L.C.,* 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action).

Plaintiff claims that Nationstar engaged in various forms of unlawful practices. (Compl.,

¶ 92-108.) As indicated above and below, however, plaintiff's complaint fails to allege a single cognizable statutory violation or any underlying claim upon which his UCL claim can stand. Therefore, without an underlying viable claim for a violation of law, plaintiff has no basis to claim that Nationstar acted unlawfully under the UCL.

### 2.     Plaintiff has not alleged fraudulent conduct

A business practice is considered "fraudulent" within the meaning of the UCL if the "public is likely to be deceived." *Massachusetts Mutual Life Ins. Co. v. Superior Court,* 97 Cal.App.4th 1282, 1290 (2002). "The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer." *McKell v. Washington Mutual, Inc. et al.,* 142 Cal.App.4th 1457, 1472 (2006), citing *Lavie v. Procter & Gamble Co.* 105 Cal.App.4th 496, 507 (2003).

Plaintiff has not made clear which part of his allegations constitute "fraudulent" conduct; however, his complaint alleges intentional misrepresentation based upon the failure by Nationstar to receive or acknowledge loan documents. (See Section V-B, above.) As indicated above, such a claim fails to show any intentional misrepresentation – or any representation by Nationstar. Plaintiff also fails to allege any credible facts to suggest that the alleged misrepresentations (whatever the misrepresentation is alleged to be) would, in any way, deceive the public. Plaintiff therefore has failed to adequately plead fraudulent conduct under the UCL.

### 3.     Plaintiff has not alleged unfair conduct

A business practice is considered "unfair" if it threatens to violate or violates the policy or spirit of an anti-trust law or otherwise significantly threatens or harms competition. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company,* 20 Cal.4th 163, 187 (1999). Furthermore, if the customer has a meaningful market choice, i.e., other venders that offer reasonably available alternatives to the lender's product, the challenged procedures cannot be considered "unfair." *Dean Witter Reynolds, Inc. v. Sup. Ct.,* 211 Cal.App.3d 758, 767 (1989).

Plaintiff has not articulated which part of his allegations constitute unfair conduct. They may relate to plaintiff's claims that Nationstar has been "unjustly enriched" in collecting foreclosures fees and that the property could be "improperly sold at foreclosure" in spite of the

fact that plaintiff indisputably defaulted on his loan obligations and the deed of trust specifically provides for foreclosure in the event of default. However, it is not made clear.

In addition, to the extent that this claim is based on the Notice of Default, the Substitution of Trustee, or any of the actions taken by Nationstar which occurred prior to and during the earlier lawsuit, this claim is barred by collateral estoppel. Plaintiff's causes of action for unfair business practices and UDAP should be dismissed without leave to amend.

### D. Plaintiff's Claim for Cancellation of Instruments Fails

First, plaintiff claims that the Notice of Default was "wrongly recorded" on May 12, 2012. He then goes on to allege that there was "backdating" of the Assignment of the Deed of Trust in May 2012, that he sent a loan modification package that was not responded to in June 2012, and that there was a "backdated" Substitution of Trustee document recorded on September 20, 2012. Based on these allegations, plaintiff seeks to have the Notice of Default cancelled. This claim is clearly barred by collateral estoppel – all of the aforementioned allegations are claims that were made or could have been made in 2012 and 2013, before the earlier case was adjudicated in Nationstar's favor.

As for the Notice of Trustee's Sale, there is no reason to cancel this document either. To the extent that plaintiff is claiming it was recorded "without a factual or legal basis," this claim should be dismissed since the Notice of Trustee's Sale was based upon the properly recorded Notice of Default. Whether or not the Notice of Trustee's Sale was originally created in 2012 and thus still contains a 2012 date stamp near the bottom makes no difference, since the document shows a sale date in 2014 and plaintiff has never cured his default. Plaintiff has not shown how any of the information within the Notice of Trustee's Sale is inaccurate, or how he has been prejudiced by any of the information within.

### E. Plaintiff's Claim for Violation of the Homeowner Bill of Rights Fails

Again, to the extent that this claim is based upon alleged wrongs which occurred in 2012 and the first half of 2013, such as the allegation that the Notice of Default was improper, this claim fails.

Plaintiff first provides a laundry list of potential violations of the HBOR, none of which

1  appear to apply to this case. (Compl. ¶ 128.) Plaintiff's allegations go on to attempt to find a hook
2  related to the Notice of Trustee's Sale, which was first recorded in 2012 and then again in 2014
3  when the first case had ended and the default was never cured. Plaintiff's allegations state that the
4  Notice contains inaccurate information, but does not state what was inaccurate. (Compl. ¶ 130.)
5  If, as discussed above, plaintiff is referring to the "backdating," it is unclear how that is inaccurate
6  since the first Notice of Sale was indeed recorded in 2012 (also prior to the HBOR), and the
7  version recorded in 2014 was simply a renotice with an updated date of sale.

8       Further, plaintiff goes on to allege that Nationstar should have "expressly" denied him for
9  a loan modification. (Compl. ¶ 131.) As discussed previously, HBOR was not even enacted at the
10 time of the Notice of Default or the first Notice of Trustee's Sale, and thus Nationstar is not
11 required to review for a modification under that statute.

12      Finally, plaintiff has made no allegation that Nationstar actually received the documents
13 plaintiff sent to it. Indeed, plaintiff admits that he sent the documents to a third party to handle the
14 loan modification. (Compl. ¶ 117.) He does not allege he ever called Nationstar, that he was told
15 documents were received, or that Nationstar purposely ignored his request for review. He does
16 not allege whether the third party ever told him whether the documents were received. Plaintiff
17 has not shown any violation of the Homeowner's Bill of Rights. This claim fails and should be
18 dismissed.

19 **F.  Plaintiff's Claim for Declaratory Relief Fails**

20      Plaintiff's declaratory relief claim is barred by collateral estoppel. He claims that
21 Nationstar does not have "standing or any enforceable right to enforce the note and any incidental
22 rights to collateral so as to foreclose on Plaintiff's Subject Property." (Compl. ¶ 131.) Plaintiff
23 already attempted a declaratory relief claim on the same grounds in 2012. Further, the claim that
24 Nationstar does not have "standing" to enforce the note is obviously a claim that could have and
25 should have been made in the earlier case. Thus, this cause of action is barred.

26      Further, a complaint for declaratory relief is sufficient "if it sets forth facts showing the
27 existence of an actual controversy relating to the legal rights and duties of the respective parties
28 under a written instrument ... and requests that the rights and duties of the parties be adjudged by

NATIONSTAR MORTGAGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  the court." *Ludgate Ins. Co. v. Lockheed Martin Corp.* 82 Cal.App.4th 592, 605 (2002). "[The]
2  actual, present controversy must be pleaded specifically and the facts of the respective claims
3  concerning the [underlying] subject must be given [emphasis original]." *City of Cotati v.*
4  *Cashman* 29 Cal.App.4th 69, 80 (2002). Instead, plaintiff simply asks for "a judicial decision…so
5  that Plaintiff and Defendants may ascertain their respective rights relative to the Subject Property."
6  (Compl. ¶ 133.) It is unclear what this is even seeking, in terms of the litigation.

7        Indeed, plaintiff's request for declaratory relief is neither necessary nor proper. (See Code
8  Civ. Proc. § 1061 ["The court may refuse to exercise the power granted by this [declaratory relief]
9  chapter in any case where its declaration or determination is not necessary or proper at the time
10 under all the circumstances."]) Declaratory relief will not lie to determine an issue that can be
11 determined in the underlying action. *Cal. Ins. Guar. Ass'n v. Super. Ct.* 231 Cal.App.3d 1617,
12 1623 (1991). "The object of [declaratory relief] is to afford a new form of relief where needed and
13 not to furnish a litigant with a second cause of action for the determination of identical issues."
14 *Gen. of Am. Ins. Co. v. Lilly* 258 Cal.App.2d 465, 470 (1968); see also *Cal. Ins. Guar. Ass'n,*
15 *supra*, 231 Cal.App.3d at pp. 1623-1624. Here, plaintiff apparently seeks to establish that the
16 defendants lack authority to foreclose upon the property (although, again, the claim is not entirely
17 clear as to what relief he actually seeks). As this is the issue raised in his other claims, the
18 declaratory relief claim is duplicative and unnecessary, and must be dismissed.

19 **G.   Plaintiff's Claim for Injunctive Relief Fails**

20       Plaintiff's final count alleges that the Court should enjoin the sale as Nationstar does not
21 have "standing or enforceable right to enforce the note…" (Compl. ¶ 135.) Plaintiff also claims
22 that Nationstar wrongfully recorded "foreclosure documentation such as the Notice of Default and
23 Notice of Trustee's Sale." (Compl. ¶ 137.) On these grounds, he seeks an injunction. As noted
24 above, the standing issue could have been brought in 2012 or early 2013, but was not. Plaintiff
25 cannot bring a post-judgment claim now. Further, the "wrongful recordation" of the Notice of
26 Default is also barred since that was already at issue at the time of the earlier lawsuit.

27       A cause of action must exist before injunctive relief may be granted. *Batt v. City and*
28 *County of San Francisco*, 155 Cal.App.4th 65, 82 (2007); *Shamsian v. Atl. Richfield Co.*, 107

Cal.App.4th 967, 984-85 (2003).  As set forth above, Plaintiff cannot succeed on any of the claims alleged against Nationstar or challenge the authority of Nationstar to initiate and conduct nonjudicial foreclosure under the Deed of Trust.  Further, any request for injunctive relief would properly be the subject of a separately noticed motion.  Plaintiff's request for injunctive relief is an improper cause of action and cannot stand.

## VI. CONCLUSION

For the reasons stated, Nationstar respectfully requests this Court dismiss the complaint in its entirety and with prejudice.

DATED:  July 10, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____/s/Megan E. Gruber_____
Megan E. Gruber

Attorneys for Defendant NATIONSTAR MORTGAGE LLC