UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR GARDNER, III,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC; RSM&A FORECLOSURE SERVICES, LLC; & DOES 1–10,<br><br>Defendants. | No.  2:14-cv-1583-TLN-CKD<br><br><br><br>**ORDER** |

The matter is before the Court on Plaintiff Edgar Gardner, III's ("Plaintiff") motion to remand (ECF No. 6).  For the reasons discussed below, the motion to remand is DENIED.

**I. Factual and Procedural Background**

On May 28, 2014, Plaintiff filed the complaint in the Superior Court of Sacramento County, against Defendants Nationstar Mortgage LLC ("Nationstar") and RSM&A Foreclosure Services, LLC ("RSM&A") (collectively "Defendants").  (ECF No. 1-1.)  The suit arises from a refinancing loan Plaintiff obtained on his property at 6650 18th Avenue, Sacramento, California 95820.[1]  (ECF No. 1-1 ¶ 3.)  Plaintiff alleges that Nationstar, a mortgage servicing company, and

---

[1] This is the address listed on the notices of trustee's sale attached to Defendants' moving papers.  (ECF No. 5.) Defendants request judicial notice of a notice of default recorded on May 25, 2012; a notice of trustee's sale recorded on September 20, 2012; and a notice of trustee's sale recorded on April 10, 2014.  Plaintiff has not opposed the

1

1 RSM&A, the substituted trustee under a deed of trust, committed various unlawful acts with
2 respect to Plaintiff's loan.  A notice of default on the loan and a notice of trustee's sale have been
3 recorded. (ECF No. 1-1 ¶¶ 24, 35.)  Plaintiff seeks to avoid foreclosure and also seeks pecuniary
4 damages. (ECF No. 1-1 ¶ 38 & p. 29–30.)

5 On July 3, 2014, Nationstar filed a notice of removal based on diversity jurisdiction.
6 (ECF No. 1.)  RSM&A joined in Nationstar's removal motion. (ECF No. 2.)  On August 4, 2014,
7 Plaintiff filed the instant motion to remand, arguing that diversity jurisdiction is not present.
8 (ECF No. 6.)  Nationstar has submitted an opposition to the motion to remand.[2]  (ECF No. 10.)

**II.  Standard of Review**

10 A civil action brought in state court, over which the district court has original jurisdiction,
11 may be removed by the defendant to federal court in the judicial district and division in which the
12 state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction
13 over civil actions between citizens of different states in which the alleged damages exceed
14 $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of
15 proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest*
16 *Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Diversity is determined as of the time the complaint
17 is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131
18 (9th Cir. 2002).  Removal statutes are to be strictly construed against removal.  *Gaus v. Miles,*
19 *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

20 The amount in controversy is determined by reference to the complaint itself and includes
21 the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.
22 *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not
23 pray for damages in a specific amount, the defendant must prove by a preponderance of the
24 evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins.*
25 *Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
26 398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court

---

27 request, and therefore the Court takes judicial notice pursuant to Fed. R. Evid. 201.

28 [2] Nationstar has also filed a motion to dismiss the complaint.  (ECF No. 4.)

may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335–56 (5th Cir. 1995).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

### III. Analysis

i. Amount in controversy

Plaintiff asserts that the amount in controversy does not exceed $75,000. (ECF No. 6 at 8–11.) However, the complaint seeks the following relief: (1) a temporary restraining order, preliminary injunction, and permanent injunction enjoining the foreclosure of the subject property; (2) an order setting aside the May 25, 2012 notice of default; (3) an order holding all defendants liable for wrongful foreclosure actions; (4) an order permanently enjoining all defendants from engaging in unfair competition; (5) civil penalties of $7,500 per mortgage or deed of trust for multiple or repeated violations of procedural requirements; (6) compensatory and general damages in an amount according to proof at trial, but not less than $1,000,000, against all defendants; (7) interest, including pre-judgment and post-judgment interest; (8) attorney's fees; (9) costs of suit; and (10) any other relief the Court deems just and proper. (ECF No. 1-1 at 29–30.) Thus, it is facially apparent from the complaint that the damages sought by Plaintiff exceed the $75,000 threshold.

Further, in "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432

U.S. 333, 347 (1977)). *See also Reyes v. Wells Fargo Bank, N.A.* 2010 WL 2629785 at *4–5 (E.D. Cal. Apr. 23, 2010) (discussing cases finding that the object of the litigation was the property plaintiff sought to enjoin the defendant from selling at foreclosure); *Garcia v. Citibank, N.A.* 2010 WL 1658569 (E.D. Cal. Apr. 23 2010) (measuring the amount in controversy according to the original mortgage loan amount). In this case, a deed of trust to the property was recorded in Sacramento County on March 14, 2007, as security for a loan refinance; the debt at that time was valued at $303,000.00 plus interest. (ECF No. 1-1 ¶ 14 & Ex. A.) The notice of trustee's sale dated April 10, 2014, estimated the debt amount at $452,393.65. (ECF No. 5, Ex. 3.) Thus, as measured by the value of the debt, the amount in controversy requirement is also met.[3]

ii. Diversity of citizenship

1. *Nationstar's citizenship*

The Fed. R. Civ. Proc. 7.1 corporate disclosure statement (ECF No. 1-5) filed by Nationstar states that Nationstar, an LLC, has two members: Nationstar Sub 1 LLC (with 99% ownership) and Nationstar Sub 2 LLC (with 1% ownership). Both members are wholly owned by Nationstar Mortgage Holdings, Inc., which is incorporated in Delaware and has its principal place of business in Texas. No publicly traded corporation owns ten percent or more of Nationstar Mortgage Holdings, Inc.'s common stock. Thus, Nationstar explains that it is a citizen of Delaware and Texas, and not a citizen of California. (ECF No. 1-5 at 2; ECF No. 10 at 2–3.)

Plaintiff argues that Nationstar is a citizen of California, on the basis that Nationstar Mortgage Holdings, Inc. is partly owned by Fortress Investment Group, LLC ("Fortress"), and Fortress is owned by members who are California citizens. (ECF No. 6 at 6.) Nationstar appears to agree that Fortress is the majority stockholder of Nationstar Mortgage Holdings, Inc. (ECF No. 10 at 3). However, for the purposes of diversity jurisdiction, a corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business.

---

[3] The Court does not locate the original loan amount within the pleadings. Plaintiff alternatively seeks leave to amend his complaint so that his claims now do not exceed the $75,000 requirement. (ECF No. 6 at 10.) Given the debt amount, the fact that the property appears to be valued at over $75,000, and the relief sought, amendment appears to be futile, so that request is denied.

28 U.S.C. § 1332(c)(1).  Plaintiff cites no authority for the rule that the citizenship of a corporation's majority stockholder dictates that corporation's citizenship.  Plaintiff also argues that Nationstar's other members (which would apparently be other than Sub 1 and Sub 2) are unknown to Plaintiff, and these members could be citizens of California.  (ECF No. 6 at 7.)  However, Plaintiff provides no further support for this claim.  Without more, the Court has no basis for concluding that Nationstar is a citizen of California.

   2. *RSM&A's citizenship*

Nationstar states that RSM&A has two members: Randall S. Miller ("Miller") and PDPYFM, Inc.  (ECF No. 1 at 3.)  Nationstar states that Miller is a citizen of Michigan, and PDPYFM, Inc. is incorporated in Florida and has its principal place of business in Florida.  (ECF No. 1 at 3.)  Thus, the conclusion is that RSM&A is a citizen of Michigan and Florida.[4]  (ECF No. 10 at 3.)

Plaintiff does not dispute this, but contends that RSM&A is also owned by Randall S. Miller & Associates, P.C., a Michigan-based law firm with an additional principal place of business in California.  Plaintiff also argues RSM&A could have other unknown members. (ECF No. 6 at 7.)  However, Plaintiff does not support these allegations.  Without more, the Court has no basis for concluding that RSM&A is not a citizen of California.

**IV. Conclusion**

For the reasons discussed, the Court finds Defendants meet their burden of showing jurisdiction is proper.[5]  Plaintiff's motion to remand (ECF No. 6) is DENIED.

Dated:  December 16, 2014

_____
Troy L. Nunley
United States District Judge

---

[4] The notice of trustee's sale recorded on April 10, 2014 (ECF No. 5, Ex. 3) lists a Michigan address for RSM&A.

[5] Based on the allegations in Defendants' motion to dismiss (ECF No. 4), and Plaintiff's opposition (ECF No. 9), Plaintiff previously brought suit in 2012, with allegations stemming from his 2007 loan refinance.  *See Gardner v. RSM&A Foreclosure Services, LLC & Nationstar Mortgage, LLC*, 12-cv-2666-JAM-AC.  The complaint in that case was filed in Sacramento County Superior Court and removed to this district on the basis of diversity.